FILED

2013 JAN 31 PM 3:55

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHERYL NETTLES,

    Plaintiff,

    v.

GC SERVICES, LP,

    Defendant.

_____/

CASE NO.

3:13-cv-116-J-34MCR

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff, CHERYL NETTLES ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, GC SERVICES, LP ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

3. Defendant conducts business in the State of Florida establishing personal jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person who resides in Palm Coast, Flagler County, Florida.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3) and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

7. Defendant is a business entity with an office located at 6330 Gulfton Street, Houston, Texas 77081.

8. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant sought to collect a debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant contacts Plaintiff attempting to collect an alleged debt.

12. Upon information and belief, Defendant is attempting to collect an alleged Care Credit debt for transactions related to personal medical services.

13. As part of its collection activities, Defendant started placing telephone calls to Plaintiff on her cellular telephone, (386) 503-75xx, around the middle of September 2012.

14. When Plaintiff is unable to answer Defendant's collection calls, it leaves a voicemail for Plaintiff. *See* transcribed voicemail, attached hereto as Exhibit A.

15. In its message, Defendant's employee identifies her individual name, informs Plaintiff that "[i]t's important that I speak with you," and provides Plaintiff telephone number (800) 226-3285 to call. *See* Exhibit A.

16. Defendant never identified its business name in its message. *See* Exhibit A.

17. Defendant also failed to inform Plaintiff that it is a debt collector in its message. *See* Exhibit A.

18. Instead, Defendant only stated that it was "important" to speak with Plaintiff but does not inform Plaintiff that it was actually calling about a debt, the collection of a debt, or any other information to apprise Plaintiff of the true nature and purpose of its call. *See* Exhibit A.

19. Defendant uses deceptive and misleading statements in connection with its attempts to collect the alleged debt by not identifying itself, the purpose of its phone calls, or that it is a debt collector.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 *et seq.*

20. Defendant violated the FDCPA based on the following:

   a) Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to annoy Plaintiff.

   b) Defendant violated § 1692d(6) of the FDCPA by not disclosing its identity in its written communication to Plaintiff.

   c) Defendant violated § 1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

   d) Defendant violated § 1692e(11) of the FDCPA by failing to disclose in its written communication that it is a debt collector.

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

21.   Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

22.   Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

23.   Any other relief that this Honorable Court deems appropriate.

                                    RESPECTFULLY SUBMITTED,

By: *Shireen Hormozdi*
Shireen Hormozdi
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone: (323) 988-2400 x 267
Fax:   (866) 385-1408
shormozdi@consumerlawcenter.com
Attorney for Plaintiff
Florida Bar No. 0882461